**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEON STAMBLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08cv348 |
| | § | |
| VERISIGN, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT VERISIGN, INC.'S ANSWER AND COUNTERCLAIMS
TO LEON STAMBLER'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant and Counterclaimant VeriSign, Inc. ("VeriSign"), by and through its attorneys,

hereby answers the Complaint for Declaratory Judgment ("Complaint") of Plaintiff Leon

Stambler ("Plaintiff") as follows:

**NATURE OF THE DECLARATORY JUDGMENT ACTION**

1.       VeriSign admits that the records of this Court indicate that Stambler is the

plaintiff in two different patent infringement actions pending in this Court.  On their face, these

actions allege that several companies are engaged in the financial services industry and that their

secure online banking services, such as online bill pay, infringe two of Stambler's patents.

VeriSign denies that either of these patent infringement actions were properly brought.  VeriSign

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 1 of the Complaint and, therefore, denies each remaining allegation of

Paragraph 1.

2.       VeriSign admits that on September 9, 2008, VeriSign sent Stambler the letter

that is attached to Stambler's complaint as Exhibit "A."  VeriSign's letter correctly states that the

"prior judgment of non-infringement by VeriSign's SSL digital certificates conclusively bars Mr. Stambler's current infringement suits against VeriSign's customers for their use of the very same SSL digital certificates that were at issue in the Delaware action." Citing the 1907 Supreme Court decision of *Kessler v. Eldred*, VeriSign correctly pointed out that Stambler's patent infringement suits against VeriSign's customers are barred because the product at issue in the Delaware suit (SSL digital certificates as used, for example, to permit secure fund transfers) was found to be non-infringing.  VeriSign denies that its assertion is without merit.  As set forth herein, to the extent that Stambler's allegations in Paragraph 2 relate to allegations of infringement of the '302 and/or '148 patents against VeriSign's customers based upon VeriSign's customers' use of VeriSign SSL digital certificates , VeriSign denies the allegations. VeriSign is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and, therefore, denies each remaining allegation of Paragraph 2.

3.      As set forth below, VeriSign denies that Stambler is entitled to the relief identified in Paragraph 3.

**THE PARTIES**

4.      VeriSign is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, therefore, denies each of the allegations.

5.      VeriSign admits that VeriSign, Inc. is a Delaware corporation with its principal place of business at 487 East Middlefield Road, Mountain View, California 94043.  VeriSign admits that it maintains an office at 17300 Dallas Parkway, Suite 2000, Dallas, Texas 75248. VeriSign admits that CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201 is its registered agent through which process may be served on VeriSign in Texas.

## JURISDICTION AND VENUE

6.      VeriSign admits that this Court has subject matter jurisdiction over actions brought under 28 U.S.C. § 1332.  VeriSign admits that there is diversity of citizenship between Stambler and VeriSign and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      VeriSign admits that Stambler purports to bring this action under 28 U.S.C. § 2201, *et seq*.  VeriSign admits that this Court has subject matter jurisdiction.  VeriSign otherwise denies the allegations of Paragraph 7.

8.      VeriSign consents to this Court having personal jurisdiction over VeriSign for this action.  VeriSign admits that it transacts business in the state of Texas and that it keeps agents and offices in this State.  VeriSign otherwise denies the allegations of Paragraph 8.

9.      VeriSign admits that under 28 U.S.C. §§ 1391 venue is minimally proper with respect to VeriSign in this judicial district.   VeriSign admits that it sent the letter attached to Stambler's complaint as Exhibit "A" to Stambler's attorneys in this District.  VeriSign otherwise denies the allegations of Paragraph 9.

## FACTUAL ALLEGATIONS

10.      VeriSign admits that, on their face, United States Patent Nos. 5,793,302 ("the '302  patent") and 5,974,148 ("the '148 patent")(collectively the "Stambler patents"), both are titled "Method for Securing Information Relevant to a Transaction," and both list Stambler as named sole inventor.  VeriSign further admits that currently there are three patent infringement lawsuits concerning the Stambler patents filed in this Court.  VeriSign is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and, therefore, denies these each of the allegations.

11.     VeriSign admits that, according to the public record, on May 12, 2008, a lawsuit was filed in the United States District Court for the Eastern District of Texas, styled *Stambler v JP Morgan Chase Co., et al*, Civil Action No. 2:08-cv-204 (the "first Texas action"). VeriSign is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and, therefore, denies these each of the allegations.

12.     VeriSign admits that, according to the public record, on July 21, 2008 a lawsuit was filed in the United States District Court for the Eastern District of Texas, styled *Stambler v. Fiserv, Inc. and Checkfree Corp*., Civil Action No. 2:08-cv-283 (the "second Texas action").  In the second Texas action, Stambler alleges that Fiserv, Inc. and Checkfree Corp. infringe the Stambler patents.  VeriSign is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint and, therefore, denies these each of the allegations.

13.     VeriSign admits that on September 9, 2008, attorneys for VeriSign sent a letter to attorneys for Stambler accusing Stambler of tortiously interfering with VeriSign's business, specifically including VeriSign's business relationships with three banks that are parties to the first Texas action (the "VeriSign Letter" attached to Stambler's Complaint as Exhibit "A").  The VeriSign letter correctly points out that the first Texas action, and another Texas action (E.D. Tex. 08-294), to the extent that they relate to allegations of infringement of the '302 and/or '148 patents against VeriSign's customers based upon VeriSign's customers' use of VeriSign SSL digital certificates , should be barred under the "*Kessler* doctrine" due to a previous final judgment against Stambler entered by the United States District Court for the District of Delaware in a lawsuit styled *Stambler v. RSA Security, Inc., et al*, Civil Action No. 01-0065-SLR (the "Delaware action").  VeriSign admits that in the VeriSign letter, it warned Stambler that his

actions amounted to tortious interference with VeriSign's business and that legal action against

Stambler (including injunctive relief prohibiting the Texas actions in this Court) would be taken

if that interference did not cease.  VeriSign admits that a true and correct copy of the VeriSign

letter was attached to the Complaint in this action as Exhibit "A." VeriSign denies the remaining

allegations of Paragraph 13 of the Complaint.

      14.        VeriSign admits that the VeriSign letter includes the following passage:

> "In the event Mr. Stambler refuses to cease his current unlawful interference with
> VeriSign's SSL digital certificate business and chooses to continue these wholly-
> unjustified Texas litigations against VeriSign's customers, VeriSign will have no
> choice but to seek appropriate legal redress against Mr. Stambler, including
> claims for its damages and attorneys fees, as well as permanent injunctive relief
> against Mr. Stambler's continued improper assertion of the [Stambler patents].
> *See, e.g., Unitronics (1989) (R "G,) Ltd. v Gharb*, 532 F. Supp. 2d 25 (D.D.C.
> 2008) (granting manufacturer permanent injunction barring patentee, who lost in a
> prior suit, from continuing to assert claims of infringement based on the same
> patent)."

VeriSign admits that there is an actual controversy between the parties.  VeriSign denies

the remaining allegations of Paragraph 14 of the Complaint.

      15.        VeriSign admits that Stambler sued VeriSign and other parties for infringement

of the '148 and '302 patents in the Delaware Action.  VeriSign admits that on March 7, 2003, for

each patent claim submitted to the jury, the jury answered "NO" to the question: "Do you find

that Verisign has induced infringed any of the following claims?"  VeriSign admits that on April

17, 2003, the United States District Court for the District of Delaware entered a judgment in

VeriSign's favor "on all his claims of infringement under the '148 patent, the '541 patent, and

the '302 patent."  VeriSign denies the remaining allegations of Paragraph 15 of the Complaint.

      16.        VeriSign admits that the 1907 Supreme Court decision of *Kessler v. Eldred*

prohibits Stambler from pursuing the Texas actions, and other Texas actions (E.D. Tex.

2:08cv294; E.D. Tex. 2:08cv462), to the extent that they relate to allegations of infringement of

the '302 and/or '148 patents against VeriSign's customers based upon VeriSign's customers' use of VeriSign SSL digital certificates. VeriSign admits that the VeriSign letter correctly stated "[t]hat prior judgment of non-infringement by VeriSign's SSL digital certificates conclusively bars Mr. Stambler's current infringement suits against VeriSign's customers for their use of the very same SSL digital certificates that were at issue in the Delaware action." VeriSign denies the remaining allegations of Paragraph 16 of the Complaint.

17. VeriSign is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 that relate to which patent claims Stambler has or will assert in the Texas actions and which instrumentalities other than those supplied by VeriSign will be implicated by infringement allegations Stambler has or will make in the Texas actions and therefore denies those allegations. VeriSign denies the remaining allegations of Paragraph 17 of the Complaint.

18. VeriSign admits and alleges that the allegations of Paragraph 18 consist of legal contentions to which no response is required. To the extent that any response is required, VeriSign denies the allegations of Paragraph 18 of the Complaint.

19. VeriSign is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 that relate to which patent claims Stambler has or will assert in the Texas actions and which instrumentalities other than those supplied by VeriSign will be implicated by infringement allegations Stambler has or will make in the Texas actions and therefore denies those allegations. The remainder of the allegations of Paragraph 19 consist of legal contentions to which no response is required. To the extent that a response is required, VeriSign denies the remaining allegations of Paragraph 19 of the Complaint.

20.     VeriSign is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 that relate to which patent claims Stambler has or will assert in the Texas actions and which instrumentalities other than those supplied by VeriSign will be implicated by infringement allegations Stambler has or will make in the Texas actions and therefore denies those allegations.  VeriSign denies the remaining allegations of Paragraph 20 of the Complaint.

21.     VeriSign is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 that relate to which patent claims Stambler has or will assert in the Texas actions and which instrumentalities other than those supplied by VeriSign will be implicated by infringement allegations Stambler has or will accuse in the Texas actions and therefore denies those allegations.  The remainder of the allegations of Paragraph 21 consist of legal contentions to which no response is required.  To the extent that a response is required, VeriSign denies the remaining allegations of Paragraph 21 of the Complaint.

22.     VeriSign denies the allegations of Paragraph 22 of the Complaint.

23.     The allegations of Paragraph 23 consist primarily of legal contentions to which no response is required.  To the extent that any response to Paragraph 23 is required, VeriSign denies the allegations of Paragraph 23 of the Complaint.

## COUNT I

### DECLARATORY JUDGMENT THAT VERISIGN MAY NOT ENJOIN THE TEXAS ACTIONS AND THAT THE "*KESSLER* DOCTRINE" DOES NOT APPLY

24.     VeriSign re-alleges and incorporates the answers set out above to paragraphs 1 through 23 of the Complaint.

25.     VeriSign admits that the "*Kessler* doctrine" bars Stambler's suit against VeriSign's customers and that VeriSign pointed this fact out to Stambler in the September 9,

2008 VeriSign letter.  VeriSign denies the remaining allegations of Paragraph 25 of the Complaint.

26.      VeriSign admits that an actual controversy has arisen and now exists between Stambler and VeriSign concerning whether Stambler is permitted to pursue infringement claims for the '302 and '148 patents against customers of VeriSign, to the extent that the infringement claims relate to allegations of infringement of the '302 and/or '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates, and whether VeriSign can seek to enjoin the Texas actions.  VeriSign denies the remaining allegations of Paragraph 26 of the Complaint.

27.      VeriSign denies that Stambler is entitled to the relief requested in Paragraph 27 of the Complaint.

## COUNT II

## DECLARATORY JUDGMENT THAT STAMBLER HAS NOT TORTIOUSLY INTERFERED WITH VERISIGN'S BUSINESS

28.      VeriSign re-alleges and incorporates the answers set out above to paragraphs 1 through 27 of the Complaint.

29.      VeriSign admits that an actual controversy has arisen and now exists between Stambler and VeriSign concerning whether Stambler has tortiously interfered with VeriSign's business by pursuing the Texas actions against customers of VeriSign.  VeriSign denies the remaining allegations of Paragraph 29 of the Complaint.

30.      VeriSign denies that Stambler is entitled to the relief requested in Paragraph 30 of the Complaint.

## COUNTERCLAIMS

### THE PARTIES

1.      VeriSign, Inc. is a Delaware corporation with its principal place of business at 487 East Middlefield Road, Mountain View, California 94043.   VeriSign also maintains an office at 17300 Dallas Parkway, Suite 2000, Dallas, Texas 75248.

2.      On information and belief, Plaintiff Leon Stambler is a citizen of the State of Florida.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.   There is diversity of citizenship between Stambler and VeriSign and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Personal jurisdiction over Stambler and venue in this District are proper since Stambler consented to this Court's exercise of personal jurisdiction and venue by filing his declaratory judgment action.

### FACTUAL ALLEGATIONS

5.      On information and belief, Stambler is the named inventor and owner of United States Patent Nos. 5,793,302 ("the '302 patent") and 5,974,148 ("the '148 patent"), both titled "Method for Securing Information Relevant to a Transaction.   The '302 patent and the '148 patent are collectively referred to herein as the "Stambler patents."

6.      Prior to 2001 and thereafter, VeriSign manufactured and sold SSL digital certificates for use in the SSL protocol for securing Internet communications (the "VeriSign Digital certificates").

7.      Prior to 2001 and thereafter, one of the uses of the VeriSign digital certificates was to secure online banking services such as fund transfers, including online bill pay.

8.      Prior to 2001 and thereafter, banks and other financial entities, as customers of VeriSign, entered into contracts with VeriSign to purchase and use VeriSign digital certificates on a continuing basis.

9.      Prior to 2001 and thereafter, VeriSign sold the VeriSign digital certificates to banks and other financial entities to provide online banking services such as fund transfer, including online bill pay.

10.      Prior to 2001 and thereafter, one of the actual uses of VeriSign digital certificates by banks and other financial entities was to secure online banking services such as fund transfers, including online bill pay.

11.      On February 2, 2001, Stambler filed a lawsuit in the United States District Court for the District of Delaware, styled *Stambler v. RSA Security, Inc., et al*, Civil Action No. 01-0065-SLR (the "Delaware action").   In the Delaware action, Stambler made allegations of direct and indirect infringement of the '302 patent and of the '148 patent based on the VeriSign's sale of SSL digital certificates for use in the SSL protocol for securing Internet communications, including banking transactions.

12.      Allegations of direct infringement, induced infringement, and contributory infringement of the '302 patent and the '148 patent were made by Stambler in the Delaware action.

13.      Stambler's infringement allegations in the Delaware action included an allegation that the use of the VeriSign SSL digital certificates for purposes of fund transfer infringe claim 16 of the '148 patent directed to a "method for using a payment instrument to make a payment."

14.      The infringement allegations included an allegation that the use of the VeriSign SSL digital certificates for purposes of fund transfer infringe claim 28 of the '148 patent directed to a "payment method."

15.      The infringement allegations included an allegation that the use of the VeriSign SSL digital certificates for purposes of fund transfer infringe claim 35 of the '148 patent directed to a "funds transfer method."

16.      The '148 patent was referred to in the Delaware action as the "funds transfer" patent.

17.      Stambler asserted in the Delaware action that direct infringement of the '148 and '302 patents occurred when VeriSign customers used VeriSign SSL digital certificates for purposes of fund transfers.

18.      VeriSign successfully defended against the Delaware action, obtaining an Order For Final Judgment on April 17, 2003 that entered a final judgment in favor of VeriSign and against Stambler on all his claims of infringement under the '302 patent and '148 patent (the "Delaware Judgment").  A true and correct copy of the Delaware Judgment is attached hereto as Exhibit A.

19.      The Delaware Judgment is final.  The United States Court of Appeals for the Federal Circuit issued an opinion and a judgment, both on February 11, 2005, affirming the judgment of the United States District Court for the District of Delaware.

20.      In view of the Delaware Judgment, VeriSign has a right that its customers, including banks and other financial entities, should, with respect to their use of VeriSign SSL digital certificates, be let alone by Stambler and it is Stambler's duty to let them alone.  *Kessler v. Eldred,* 206 U.S. 285, 289 (1907).

21.     At the time of the Delaware action, Stambler knew that one of the intended uses of the VeriSign SSL digital certificates was to allow customers to secure fund transfers.

22.     At the time of the Delaware action, Stambler knew that one of the intended uses of the VeriSign SSL digital certificates was to allow customers to secure internet fund transfers .

23.     In view of the Delaware Judgment, VeriSign has a right that its customers, including banks and other financial entities, should, with respect to their use of VeriSign SSL digital certificates to secure fund transfers, be let alone by Stambler.  *Kessler v. Eldred,* 206 U.S. 285, 289 (1907).

24.     On information and belief, and in spite of the unmistakable right VeriSign has to have its customers be left alone and enjoy the use of the VeriSign digital certificates in peace, without interference from Stambler, on May 12, 2008, Stambler filed a first lawsuit in the United States District Court for the Eastern District of Texas, styled *Stambler v JP Morgan Chase Co., et al*, Civil Action No. 2:08-cv-204 against customers of VeriSign.  Likewise, on July 29, 2008, Stambler filed a second lawsuit in the United States District Court for the Eastern District of Texas, styled *Stambler v JP Morgan Chase Co., et al*, Civil Action No. 2:08-cv-294 against customers of VeriSign.  Upon information and belief, the Stambler patent asserted in the second lawsuit has been added to the first lawsuit, and the second lawsuit has been voluntarily dismissed by Stambler.  On July 21, 2008, Stambler filed a third lawsuit in the United States District Court for the Eastern District of Texas, styled *Stambler v. Fiserv, Inc., et al*, Civil Action No. 2:08-cv-283 against customers of VeriSign.  On December 4, 2008, Stambler filed a fourth lawsuit in the United States District Court for the Eastern District of Texas, styled *Stambler v. Merrill Lynch & Co., et al*, Civil Action No. 2:08-cv-462 against additional customers of VeriSign.  In this Counterclaim, these actions are collectively the "Texas actions."

25.     On information and belief, in the Texas actions, Stambler once again asserted that the use of the VeriSign digital certificates, namely the use of VeriSign SSL digital certificates for fund transfers, including online bill pay, both directly and indirectly infringe the '302 patent and the '148 patent.

26.     On September 9, 2008, attorneys for VeriSign sent a letter to attorneys for Stambler advising Stambler that his pursuit of Civil Action No. 2:08-cv-204 and Civil Action No. 2:08-cv-294 interfered with VeriSign's business, specifically including VeriSign's business relationships with three financial entities that are parties to the Texas actions (the "VeriSign Letter").  The VeriSign letter clearly and correctly points out that Civil Action No. 2:08-cv-204 and Civil Action No. 2:08-cv-294 should be barred under the "*Kessler* doctrine" due to the Delaware Action.  In the VeriSign letter, VeriSign alerted Stambler that his actions amounted to tortious interference with VeriSign's business and that legal action against Stambler (including injunctive relief prohibiting the Texas actions in this Court) would be taken if that interference did not cease.  A true and correct copy of the VeriSign letter was attached to the Complaint in this action as Exhibit "A."

27.      There is an actual controversy between the parties based on the unjustified Texas actions against VeriSign's customers where the infringement claims relate to allegations of infringement of the '302 and/or '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates.

28.     Upon information and belief, fund transfer methods accused in the Texas actions do not employ any step of the claims of the '302 and/or '148 patents that was not a known intended use of the VeriSign digital certificates at the time of the Delaware action.

29.     Upon information and belief, fund transfer methods accused in the Texas actions do not employ any step of the claims of the '302 and/or '148 patents that was not an obvious intended use of the VeriSign digital certificates at the time of the Delaware action.

30.     Upon information and belief, fund transfer methods accused in the Texas actions do not employ any step of the claims of the '302 and/or '148 patents that was not present in fund transfers that formed the basis for the direct infringement allegation in the Delaware action upon which Stambler based his assertion that VeriSign induced infringement of the '302 or '148 patents.

31.     The relationship between VeriSign and its customers who are defendants in the Texas actions has been harmed by these unjustified actions.

32.     These unjustified Texas actions interfere with the contractual relationships between VeriSign and its customers who are defendants in the Texas actions.  By these unjustified actions, Stambler has interfered with the contractual rights of VeriSign customers to enjoy in peace the intended use of the VeriSign digital certificates purchased from VeriSign.

33.     Customers of VeriSign who are defendants in the Texas actions have sought indemnification from VeriSign.

34.     On information and belief, Stambler instituted the Texas actions knowing full well that they were unjustified and had no basis at law or in fact.

35.     On information and belief, Stambler instituted the Texas actions in bad faith.

36.     The Texas actions have no basis at law or in fact.

37.     In spite of the foregoing, upon information ands belief, Stambler continues to illegally, in bad faith, prosecute the Texas actions.

38.     On information and belief, the VeriSign digital certificates that appear to be implicated by Stambler's infringement allegations in the Texas actions are identical in all material respects to those litigated in the Delaware action.

39.     On information and belief, Stambler is alleging in the Texas actions that VeriSign's SSL digital certificates are being used to infringe the Stambler patents.

40.     On information and belief, the VeriSign SSL digital certificates are involved in all of the steps of the method claims at issue.  For example, on information and belief VeriSign's customers have been accused of infringing claim 41 of the '302 patent because they use VeriSign's digital certificates for the purpose of assuring secure transfer of funds from a first account of a first party to a second account of a second party.  But VeriSign's digital certificates have already been adjudicated to not infringe either the '302 or '148 patent, including funds transfer methods.

41.     On information and belief, the use of the VeriSign SSL digital certificates that were adjudicated not to infringe in the Delaware Action is protected under *Kessler* and under the principles of res judicata, and thus the Texas actions insofar as they pursue infringement claims against customers of VeriSign's SSL digital certificates may not be maintained.

42.     By asserting induced and contributory infringement against VeriSign in the Delaware action, Stambler necessarily also asserted direct infringement by VeriSign's customers and/or VeriSign's customer's customers.  As a matter of law, there must be an assertion of an ultimate direct infringer to sustain an action for induced or contributory infringement.

43.     Stambler had the option of bringing his initial infringement action against the manufacturer (VeriSign), VeriSign's customers (the financial entities who are now defendants in the Texas actions), and/or VeriSign's customer's customers, who are the ultimate users of the

VeriSign digital certificates.  Having elected to proceed against the manufacturer VeriSign,
alone, Stambler is now estopped from initiating subsequent actions against VeriSign's customers
and/or VeriSign's customers' customers for their use of the VeriSign certificates adjudicated in
the Delaware action not to infringe any of the '302 and/or '148 patent claims.

44.    The Delaware judgment resulted in a finding of non-infringement by VeriSign.

## COUNT I

### DECLARATORY JUDGMENT THAT STAMBLER BE ENJOINED FROM ASSERTING INFRINGEMENT OF ANY CLAIM OF THE '302 OR '148 PATENTS BASED ON A VERISIGN DIGITAL CERTIFICATE OR THE ORDINARY AND INTENDED USE THEREOF

45.    VeriSign re-alleges and incorporates the allegations in paragraphs 1 through 49.
An actual controversy has arisen and now exists between Stambler and VeriSign concerning
whether Stambler is permitted to pursue any infringement claims against VeriSign's customers
where the infringement claims assert allegations of infringement of the '302 or '148 patents
against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of
VeriSign SSL digital certificates.

46.    VeriSign therefore requests that the Court enter judgment that *Kessler,* and res
judicata, do apply to such actions and to enjoin Stambler from pursuing such patent infringement
claims against VeriSign's customers.

## COUNT II

### DECLARATORY JUDGMENT THAT STAMBLER BE ENJOINED FROM CONTINUING THE TEXAS ACTIONS BASED ON ANY VERISIGN DIGITAL CERTIFICATE OR ITS ORDINARY AND INTENDED USE

47.    VeriSign re-alleges and incorporates the allegations in paragraphs 1 through 40.

48.    An actual controversy has arisen and now exists between Stambler and VeriSign
concerning whether Stambler is permitted to pursue the Texas actions against VeriSign's

16

customers where the infringement claims assert allegations of infringement of the '302 or '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates, including use of VeriSign SSL digital certificates to secure fund transfers.

49.     VeriSign therefore requests that the Court enter judgment that Stambler be enjoined from pursuing patent infringement claims in the pending Texas actions as to any infringement claims for the '302 and '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates.

**COUNT III**

**<u>VIOLATION OF TEXAS LAW OF TORTIOUS INTERFERENCE WITH ACTUAL AND PROSPECTIVE ECONOMIC ADVANTAGE, INCLUDING EXISTING CONTRACTS</u>**

50.     VeriSign re-alleges and incorporates the allegations in paragraphs 1 through 54.

51.     An actual controversy has arisen and now exists between Stambler and VeriSign concerning whether Stambler has tortiously interfered with VeriSign's business by pursuing the Texas actions against customers of VeriSign based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates.

52.     VeriSign has contracts with defendants in the Texas Actions, including at least JPMorgan Chase & Co., et al., Bank of America Corp., et al., Citigroup, Inc., et al., Comerica Inc., et al., and Regions Financial Corp., et al., pursuant to which VeriSign has provided and continues to provide SSL digital certificates to those financial institutions for use in their businesses.

53.     Stambler, by bringing the Texas actions, has willfully and intentionally interfered with those contracts.

54.     VeriSign has been damaged as a result of Stambler's interference.  This damage includes the loss of goodwill, and expenses in responding to requests to defend and indemnify.

55.     The bringing of the Texas actions by Stambler is a proximate cause of VeriSign's damage.

56.     Upon information and belief, to the extent the Texas actions are based on the use of VeriSign SSL digital certificates, including the same fund transfer use that was the subject of the Delaware action,  the Texas actions are objectively baseless and/or motivated by bad faith to harass VeriSign's customers and thereby harass VeriSign into securing a license to the '302 patent and '148 patent, which license has already been adjudicated unnecessary and unwarranted in the Delaware action.

57.     In view of the finding of no infringement in the Delaware action, no reasonable litigant could objectively have expected success in proceeding with the claims of infringement asserted against the VeriSign customers to the extent that the infringement claims allegations of infringement of the '302 or '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates that is for all relevant purposes the same fund transfer use that was the subject of the Delaware action.

58.     On information and belief, Stambler instituted the multiplicity of suits against multiple VeriSign customers to improperly harass VeriSign and extract a settlement from VeriSign or its customers even though the Delaware action fully exonerated VeriSign and its SSL certificates for use to secure fund transfers.

59.     VeriSign has an economic advantage currently, and reasonable expectation of continued economic advantage from its conduct of such business in the manufacture and sale of the VeriSign digital certificates accused to infringe the '302 and '148 patents.

60.     Upon information and belief, Stambler's attempts, knowingly, maliciously, in bad faith and without justification, to enforce the '302 and '148 patents through the conduct specified herein constitutes tortious interference with VeriSign's current contracts with customers and prospective economic advantage arising from its manufacture and sale of products, the use of which is accused to infringe the '302 and '148 patents.

61.     VeriSign's reasonable expectation of economic advantage was, and continues to be, damaged as a direct result of Stambler's foregoing tortious interference.

62.     Because Stambler filed its Texas actions in this Court, the acts complained of herein occurred primarily and substantially in Texas.

63.     VeriSign is entitled to recover monetary damages for the harm it has suffered including, without limitation, damages, punitive damages, and attorneys fees, costs and expenses.

## JURY DEMAND

VeriSign demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant VeriSign  prays the Court enter judgment in its favor and against Stambler as follows:

A)      An permanent injunction prohibiting Stambler from pursuing patent infringement claims against VeriSign's customers to the extent that the infringement claims assert allegations of infringement of the '302 and/or '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates;

B)      A permanent injunction enjoining Stambler from continuing the Texas actions against the VeriSign customers to the extent that the infringement claims assert

allegations of infringement of the '302 and/or '148 patents against VeriSign's customers based (in whole or in part) upon VeriSign's customers' use of VeriSign SSL digital certificates, including use of VeriSign SSL digital certificates to secure fund transfers;

C)   An order holding that Stambler has tortiously interfered with VeriSign's business relationships by unlawfully pursuing the Texas actions and an award of compensatory damages to fully compensate VeriSign for the tortious interference;

D)   An award of VeriSign's attorneys' fees and costs incurred in this action;

E)   An award of punitive damages; and

F)   Such other and further relief as the Court deems just and proper.


Dated:  December 5, 2008                    Respectfully submitted,

                                           /s/ Trey Yarbrough
                                           Trey Yarbrough
                                           Bar No.  22133500
                                           Yarbrough ♦ Wilcox, PLLC
                                           100 E. Ferguson St., Ste. 1015
                                           Tyler, TX 75702
                                           Phone:  (903) 595-3111
                                           Fax: (903) 595-0191
                                           trey@yw-lawfirm.com

                                           Attorney for Defendant, Verisign,
                                           Inc.

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 5, 2008.   All other counsel of record will be served via facsimile or first class mail.

                                           /s/ Trey Yarbrough
                                           Trey Yarbrough